David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____
                                                    )
Anowar Miah,                                        )
                                                    )
            Plaintiff,                              )
                                                    )    No.
    - against -                                     )
                                                    )
GPH Partners LLC,                                   )
                                                    )
            Defendant.                              )
                                                    )
_____)

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.    Introduction**

1.    This is an action for wages and overtime under the Fair Labor Standards Act and the New York Labor Law.

**II.   Parties**

2.    Plaintiff is a natural person.

3.    Defendant GPH Partners LLC (the "Employer" or "Defendant") is a New York limited liability company with a principle place of business in the State of New York, County of New York.

**III.  Venue and Jurisdiction**

4.    The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claims under federal law and the remaining claims are part of the same case or controversy.

5.      The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

6.      Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at its facility which is located in Manhattan.

**IV.    Background**

7.      At all times relevant to this complaint, the Employer operated a hotel known as the "Grammercy Park Hotel"

8.      Plaintiff was employed by the Defendant as a service worker for approximately 3 years until his job ended in March of 2016.  Plaintiff worked at two different positions with different rates of pay.

9.      While employed by the Employer, Plaintiff regularly worked in excess of 40 hours per week but was not proper paid overtime premiums.  For example, in the week ended March 13, 2016, the Employer credited Plaintiff with 21.25 hours of work at $13.00 per hour and 18.75 hous of work at $20.60 per hour.  Thus, his base overtime rate should have been calculated based on a blended rate of $15.75 per hour; for an overtime rate of $23.63 per hour.  Instead, the overtime rate was $19.50 per hour, presumably based on the lower hourly rate.

10.     In addition, customers were charged mandatory service fees, a portion of which were remitted to the Plaintiff per the customer's invoice; however these monies were not factored into Plaintiff's regular rate for purposes of overtime.  For example, in the same week as that referred to in the preceding paragraph, Plaintiff received some $550.08 in such service fees, augmenting his hourly pay by approximately $11.83 per hour.  Thus,

his overtime rate should have been increased by an additional $5.91 per hour which was not done.

11.     In addition, the Employer failed to pay spread of hours pay for days in which Plaintiff's shift exceeded 10 hours.

12.     Further Plaintiff's hours were regularly shaved by the Employer.

13.     Finally, the Employer failed to provide Plaintiff with proper disclosure pursuant to the Wage Theft Prevention Act.

**V.      Causes of Action and Demand for Relief**

<u>Count One: Violation of New York Wage & Hour Law</u>

14.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

15.     Plaintiff was an employee of the Employer within the meaning of the New York Minimum Wage Act and accompanying regulations.

16.     The Employer was an employer within the meaning of those same regulations.

17.     The Employer violated the above law and regulations in that it did not properly compensate Plaintiff for the hours and overtime hours she worked, nor did it provide Plaintiff with proper notification.

<u>Count Two: Violation of the Fair Labor Standards Act</u>

18.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

19.     As a large hotel with 185 rooms and dozens of employees, the Employer's annual revenue must substantially exceed the $500,000 threshold for enterprise coverage under the Fair Labor Standards Act.

20.     Further, multiple employees of the Employer must handle goods which have travelled across state lines.  For example, the Employer's web site lists various European wines and beers which are available for purchase at the hotel restaurant.

21.     Accordingly, the Employer is covered by the Fair Labor Standards Act.

22.     The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiff for the hours and overtime hours he worked.

WHEREFORE  Plaintiff demands judgment against the Defendant in the amount of his unpaid back wages, overtime and liquidated damages, in an amount not more than $100,000.00 including attorneys fees and costs, and such other and further relief that the Court deems just.

    Respectfully submitted,

    /s/ David Abrams

    David Abrams
      Attorney for Plaintiff
    305 Broadway Suite 601
    New York, NY 10007
    Tel. 212-897-5821
    Fax     212-897-5811

June 21, 2016
New York, New York