**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANOWAR MIAH,

                         Plaintiff,

       -against-

GPH PARTNERS LLC,

                    Defendant.

Case No.: 1:16-cv-05164 (PKC)

**ANSWER AND DEFENSES TO**
**PLAINTIFF'S COMPLAINT**

Defendant GPH Partners LLC ("Defendant"), by and through its undersigned counsel, Jackson Lewis P.C., hereby files its Answer and Defenses to the Complaint filed by Plaintiff Anowar Miah (hereinafter "Plaintiff") and states as follows:

## AS TO INTRODUCTION

1.      The allegation in Paragraph "1" is a declarative statement to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "1," except avers that Plaintiff asserts claims pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## AS TO PARTIES

2.      Defendant admits the allegations set forth in Paragraph "2."

3.      Defendant admits the allegations set forth in Paragraph "3."

## AS TO VENUE AND JURISDICTION

4.      Defendant denies the allegations set forth in Paragraph "4," except avers that jurisdiction is proper.

5.      Defendant denies the allegations set forth in Paragraph "5," except avers that jurisdiction is proper.

6.      Defendant denies the allegations set forth in Paragraph "6," except avers that venue is proper.

## AS TO BACKGROUND

7.      Defendant denies the allegations set forth in Paragraph "7."

8.      Defendant denies the allegations set forth in Paragraph "8," except avers that Plaintiff was an employee of Defendant from on or about May 22, 2013 until on or about March 24, 2016, and Plaintiff was promoted from a server position to banquet captain effective on or about April 7, 2014.

9.      Defendant denies the allegations set forth in Paragraph "9."

10.      Defendant denies the allegations set forth in Paragraph "10."

11.      Defendant denies the allegations set forth in Paragraph "11."

12.      Defendant denies the allegations set forth in Paragraph "12."

13.      Defendant denies the allegations set forth in Paragraph "13."

## AS TO CAUSES OF ACTION AND DEMAND FOR RELIEF

## AS TO COUNT ONE: Violation of New York Wage & Hour Law

14.      Defendant repeats its responses to each and every allegation contained in Paragraphs "1" through "13" above, as if fully set forth herein at length, and denies each and every allegation not expressly admitted hereinabove.

15.      No response is required to the extent the allegations set forth in Paragraph "5" of Plaintiff's Complaint call for a legal conclusion.  To the extent a response is required, Defendant avers that Plaintiff was an employee of Defendant from on or about May 22, 2013 until on or about March 24, 2016.

2

16.     No response is required to the extent the allegations set forth in Paragraph "16" of Plaintiff's Complaint call for a legal conclusion.  To the extent a response is required, Defendant avers that Plaintiff was an employee of Defendant from on or about May 22, 2013 until on or about March 24, 2016.

17.     Defendant denies the allegations set forth in Paragraph "17."

## AS TO COUNT TWO: Violation of the Fair Labor Standards Act

18.     Defendant repeats its responses to each and every allegation contained in Paragraphs "1" through "17" above, as if fully set forth herein at length, and denies each and every allegation not expressly admitted hereinabove.

19.     Defendant denies the allegations set forth in Paragraph "19," except avers that jurisdiction is proper.

20.     Defendant denies the allegations set forth in Paragraph "20," except avers that jurisdiction is proper and refers to the website referenced for a true and correct statement of its contents.

21.     No response is required to the extent the allegations set forth in Paragraph "21" of Plaintiff's Complaint call for a legal conclusion.

22.     Defendant denies the allegations set forth in Paragraph "22."

23.     Defendant denies all statements and allegations contained in the "WHEREFORE" clause.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

24.     Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have:

## FIRST DEFENSE

25.     Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

26.     Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, by the applicable limitations periods.

## THIRD DEFENSE

27.     Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

## FOURTH DEFENSE

28.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## FIFTH DEFENSE

29.     At all times relevant hereto, Defendant acted in good faith, with reasonable grounds for believing that Plaintiff was paid in compliance with the overtime requirements of the FLSA, and did not violate any rights which may be secured to Plaintiff under the FLSA or any other law, rule or regulation and inter alia is not liable for liquidated damages.

## SIXTH DEFENSE

30.     To the extent that discovery reveals Plaintiff failed to report correctly all hours of work, Defendant hereby invokes the doctrines of estoppel, laches, unclean hands and avoidable consequences to bar the claims asserted by Plaintiff.

## SEVENTH DEFENSE

31.     Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

## EIGHTH DEFENSE

32.     Plaintiff's claims for damages are barred or limited by Defendant's good faith efforts to comply with applicable law.

## NINTH DEFENSE

33.     Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and New York Labor Law.

## TENTH DEFENSE

34.     Plaintiff cannot establish a willful violation under the FLSA or the New York Labor Law.

## ELEVENTH DEFENSE

35.     Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## TWELFTH DEFENSE

36.     Plaintiff was provided all wage statements required by NYLL § 195, and even if Plaintiff was not provided a proper wage statement required by that section, Plaintiff's claims are barred because Defendant made complete and timely payment of all wages due to Plaintiff under the NYLL.

## THIRTEENTH DEFENSE

37.     All claims are barred, in whole or in part, to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the Fair Labor Standards Act or New York law.

38.    In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendant respectfully requests that the Court:

1.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.    Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3.    Award Defendant reasonable attorneys' fees and costs incurred in defending against this meritless action; and

4.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY  10017
(212) 545-4000

Dated:  October 7, 2016          By:   _____
      New York, New York              Jason A. Zoldessy

6

## CERTIFICATE OF SERVICE

I hereby certify that on **October 7, 2016** the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

<u>s/ Jason A. Zoldessy</u>
**Jason A. Zoldessy (JZ 6522)** – zoldessj@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

4850-9235-9225, v. 2