# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 212-545-4021
MY EMAIL ADDRESS IS: ZOLDESSJ@JACKSONLEWIS.COM

October 14, 2016

**VIA ECF**

Honorable P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    **Anowar Miah v. GPH Partners LLC**
                **Civil Action No. 16-cv-5164 (PKC)**

Dear Judge Castel:

      We represent Defendant GPH Partners LLC ("Defendant") in connection with the above-referenced case, and submit this letter jointly with counsel for Plaintiff Anowar Miah ("Plaintiff") in anticipation of the Initial Pretrial Conference scheduled for October 21, 2016 at 2:45 p.m.

1. **Brief Description of the Case**

    (a) **Plaintiff's Claims**

        This is a wage/hour matter brought by Mr. Miah, a server and room service attendant, against his former employer, a hotel. Mr. Miah alleges that (1) he worked two different positions and therefore his overtime should have been calculated as a "blended rate" according to the hourly rates of each position; (2) certain service fees charged to customers should have been included in his regular rate of pay for purposes of overtime; (3) he was not paid "spread of hours" pay for shifts in excess of 10 hours per day; and (4) in any event, the Defendant regularly shaved his hours.

    (b) **Defendant's Defenses**

        Plaintiff was employed by Defendant at the Gramercy Park Hotel from May 22, 2013 until March 24, 2016. Plaintiff was hired as a service worker and was promoted by Defendant to the position of Banquet Captain/Room Service Supervisor on or about April 4, 2014. Defendant disputes Plaintiff's allegations that Defendant failed to properly compensate him for regular hours and overtime hours worked in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law. The parties disagree as to the method of calculation of Plaintiff's regular rate of pay for overtime purposes. Defendant also denies that Plaintiff's hours were "regularly shaved" as well as Plaintiff's allegation that he did not receive required wage notices from Defendant in violation of the



Honorable P. Kevin Castel, U.S.D.J.
Southern District of New York
October 14, 2016
Page 2

Wage Theft Prevention Act. Plaintiff received wage notices when he was hired as a service worker on May 22, 2013 and when he was promoted to a Banquet Captain/Room Service Supervisor on April 4, 2014. Moreover, Defendant asserts that Plaintiff was exempt from the FLSA's overtime requirements pursuant to the FLSA's commissioned salesperson exemption, 29 U.S.C. § 207(i).

### 2. Contemplated Motions

Defendant anticipates filing a motion for summary judgment after the conclusion of discovery as to (1) whether Plaintiff satisfies the criteria for the FLSA's 7(i) exemption for commissioned salespersons and, if not, (2) what monies must be considered in calculating Plaintiff's regular rate of pay for purposes of overtime wages.

### 3. Prospect for Settlement

The parties have engaged in initial settlement negotiations. The parties intend to continue such negotiations.

\*   \*   \*

Thank you for your attention to these matters. We look forward to discussing with the Court in greater detail at the Initial Pretrial Conference.

Respectfully submitted,

JACKSON LEWIS PC

Jason A. Zoldessy

cc: David Abrams, Esq. (via ecf)