David Abrams, Attorney at Law
305 Broadway Suite 601, New York NY 10007
Tel. 212-897-5821 Fax 212-897-5811

January 10, 2017

To: Hon. P. Kevin Castel (by ECF)
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Miah v. GPH Partners LLC, No. 16 cv 5164 (PKC)

Dear Judge Castel:

This office represents the Plaintiff in the above referenced matter. I am respectfully submitting this letter request that the above-referenced FLSA matter be dismissed with prejudice pursuant to a settlement reached by the parties. Defendant has reviewed this letter and joins in the application to dismiss.

By way of background, this is a wage/hour matter in which my client, a hospitality worker, has alleged various FLSA and state law violations against his former employer, a hotel and catering hall (the "Employer"). More specifically, my client alleges that he worked 2 jobs for the Employer (room service worker and catering hall attendant) and that the Employer failed to aggregate his hours for purposes of calculating overtime pay under the Fair Labor Standards Act; my client also alleges that the Employer failed to include gratuities in his regular rate of pay for calculating overtime. (In addition, my client alleges a failure to pay "spread of hours" pay under state law; a failure to pay for all hours worked under state law; and a failure to provide proper notice of his wages under state law. These non-FLSA claims are being resolved pursuant to a separate agreement.) As set forth in more detail below, the parties have agreed to allocate $12,458.00 to my client's claims under the Fair Labor Standards Act and are requesting that the Court approve this amount. A copy of the release agreement is attached hereto.

With respect to the FLSA claims, my client alleges that his total weekly working hours for the two jobs was approximately 55 per week and that if a blended rate had been calculated, he would have received approximately $4 extra per hour in overtime. Further, if the gratuities had been included in his regular rate he would have received an extra $2.50 per hour for overtime. Adding the $4 to the $2.50 and multiplying by 15 gives back wages of $97.50 per week. Over 3 years and 3 months, this is a total of approximately $17,745.

For the Employer's part, it asserts that my client's overtime was calculated correctly and that my client was exempt from overtime as a commissioned worker. The Employer also disputes my client's estimates of his hours worked. In any event, there are risks on both sides and under the circumstances, I respectfully submit that the agreed-upon amount of $12,458 is reasonable since it allows the parties to avoid the risks, delay, and inconvenience of litigation.

David Abrams, Attorney at Law
305 Broadway Suite 601, New York NY 10007
Tel. 212-897-5821 Fax 212-897-5811

Further, I am charging my client $4000 on these claims representing a one-third contingency fee after accounting for costs of $458 representing the filing fee and service of process. I respectfully submit that one-third is within the range of what is normally approved by Courts. Accordingly, I respectfully request that the Court approve the settlement in this matter.

Respectfully yours,

David Abrams

cc: Defendant's counsel (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANOWAR MIAH,

Plaintiff,

-against-

GPH PARTNERS LLC,

Defendant.

Case No.: 1:16-cv-05164 (PKC)

**NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS**

Plaintiff Anowar Miah ("Plaintiff") and Defendant GPH Partners LLC ("Defendant" and together with Plaintiff, the "Parties") desire to settle and resolve fully all claims under the Fair Labor Standards Act ("FLSA Claims") that have been or could have been brought against Defendant by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims in the lawsuit captioned *Miah v. GPH Partners LLC*, Case No. 16-cv-05164 (PKC), pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

1. **Consideration.** In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement & Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendant agrees to provide Plaintiff with the total settlement sum of Twelve Thousand Four Hundred Fifty Eight Dollars and Zero Cents ($12,458.00) in consideration for and in full satisfaction of all FLSA claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of his execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

(a) One check made payable to "Anowar Miah" in the amount of Four Thousand Dollars and Zero Cents ($4,000.00), less applicable taxes and withholdings, in full satisfaction of all FLSA claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form W-2;

(b) One check made payable to "Anowar Miah" in the amount of Four Thousand Dollars and Zero Cents ($4,000.00), in full satisfaction of all FLSA claims Plaintiff may have for alleged liquidated damages, penalties and interest, which shall be reportable on an IRS 1099;

(c) One check made payable to "David Abrams, Esq., as attorney for Anowar

AM

Miah" in the amount of Four Thousand Four Hundred Fifty Eight Dollars and Zero Cents ($4,458.00), as payment for attorneys' fees and costs, which shall be reportable on an IRS Form 1099.

(d) The payments set forth in in paragraphs "1(a)," "1(b)," and "1(c)" will be sent to Plaintiff's counsel of record, David Abrams, Esq., within fourteen (14) business days of the latter of the following: (i) Defendant's counsel being in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff, including a Stipulation and Order of Final Dismissal with Prejudice executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and (ii) Defendant's counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

(e) **Indemnification**. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1(b)" above. Plaintiff further agrees to indemnify and hold Releasees harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sum described in Paragraph "1(b)" above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2. **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims**. Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant, its parent company, subsidiaries and affiliated entities, and each of their current and former trustees, administrators, executors, agents, owners, attorneys, employees, officers, directors, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any and all FLSA claims which Plaintiff has or may have against Releasees as of the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted based upon any conduct occurring from the beginning of time up to and including the date of the complete execution of this Agreement.

4. **Acknowledgments and Affirmations**. Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to any claim against Defendant except for his claims in the Lawsuit, which he agrees to the dismissal of with prejudice.

AM

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendant's review of the motion for judicial approval of the settlement, Plaintiff on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the parties' Negotiated Settlement Agreement and General Release of Non-FLSA Claims, which is being executed simultaneous with this Agreement Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement.

10. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.**

AM

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

ANOWAR MIAH

Dated: 12/26, 2016

[signature]
Anowar Miah

GPH PARTNERS LLC

Dated: ________, 2016

By: ______________________

AM

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

ANOWAR MIAH

Dated: _________, 2016

_________________________
Anowar Miah

GPH PARTNERS LLC

Dated: January 3, 2017

By: _________________________
Frank Mangieri
Authorized Signatory

# EXHIBIT "A"

AM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANOWAR MIAH,

Plaintiff,

-against-

GPH PARTNERS LLC,

Defendant.

Case No.: 1:16-cv-05164 (PKC)

**STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Anowar Miah ("Plaintiff") and Defendant GPH Partners LLC ("Defendant") that the Negotiated Settlement Agreement and Release of FLSA Claims in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff Anowar Miah's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

Respectfully submitted,

DAVID ABRAMS, ESQ.
*Attorneys for Plaintiff*
305 Broadway, Suite 601
New York, NY 10007
Tel. No. (212) 897-5821

By: ______________________
David Abrams

Dated: 12/29, 2016

JACKSON LEWIS P.C.
*Attorneys for Defendant*
666 Third Avenue, 29th Floor
New York, NY 10017
Tel. No. (212) 545-4000

By: ______________________
Jason A. Zoldessy
Shawn N. Butte

Dated: Jan. 3, 2017

AM

SO ORDERED on this _______ day of _____________, 2016.

______________________________
Hon. P. Kevin Castel
United States District Judge

AM